**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. IP 04-74-CR-03-B/F |
| | ) | 1:06-cv-1393-SEB-VSS |
| | ) | |
| DRAMANE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

The motion of Dramane Johnson ("Johnson") for relief pursuant to 28 U.S.C. § 2255 is **denied** and this action must be dismissed with prejudice. This conclusion is based on the following facts and circumstances:

1.    Drug charges against Johnson in this case were resolved through the submission and acceptance of a plea agreement between Johnson and the United States. In that Agreement, Johnson waived his right to appeal his conviction and sentence, but did not waive his right to collaterally attack his conviction or his sentence. As part of the same Agreement, Johnson stipulated that his base offense level was 34, that his offense level was increased two levels due to the possession of a firearm and an additional two levels due to his role in the offense, and the Agreement also provided that Johnson was entitled to a two level reduction in his offense level based upon his acceptance of responsibility. No stipulation was made regarding Johnson's criminal history category. The court determined that Johnson's plea was knowing and voluntary. At sentencing, the court determined that Johnson's total offense level was 36, and that his criminal history category was I. Johnson was sentenced to an executed term of 188 months, to be followed by five years of supervised release. He was also fined $1000 and assessed the mandatory assessment of $300.

2.    An appeal from the foregoing disposition was filed, but was dismissed based on the determination that Johnson did not wish to proceed with the appeal. *See United States v. Johnson*, No. 05-3934 (7th Cir. November 1, 2005)(Order).

3. Johnson now challenges his conviction and seeks relief pursuant to 28 U.S.C. § 2255. A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 516 U.S. 904 (1995).

4. Johnson seeks relief pursuant to 28 U.S.C. § 2255 based on his claim that he was denied the effective assistance of counsel. The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 124 S. Ct. 1, 4 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 2536 (quoting 466 U.S. at 688); *see also Kokoraleis v. Gilmore,* 131 F .3d 692, 696 (7th Cir. 1997). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

5. Johnson claims that his attorney was ineffective for not pursuing an appeal on his behalf. However, Johnson both executed a valid waiver of his right to appeal and thereafter withdrew from the appeal which had been filed. No attorney would have pursued a direct appeal on behalf of Johnson in these circumstances.

6. Johnson next asserts that his counsel failed to assure the enforcement of the Plea Agreement. It is true that "plea agreements are contracts, their content and meaning are determined according to ordinary contract principles." *United States v. Salazar,* 453 F.3d 911, 913 (7th Cir. 2006). It is also true that the government's breach of a plea agreement can be remedied through an action pursuant to § 2255. *Bischel v. United States,* 32 F.3d 259, 264 (7th Cir. 1994) (holding that § 2255 is the proper vehicle to claim that the government breached a plea agreement); *Carnine v. United States,* 974 F.2d 924, 927, 932 (7th Cir. 1992) (same). It is not true, however, that there was a breach by the United States of the plea agreement in Johnson's case, nor that Johnson's attorney performed in a deficient manner in failing to make such an argument. *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

7.  Johnson asserts that his counsel should have challenged the factual basis for increasing his offense level by two levels based upon his role in the offense. However, such an effort would not have succeeded, and could not have succeeded here, because Johnson stipulated to the 2-level increase as part of the plea bargain. The nature and effect of Johnson's role in the offense was established in the Plea Agreement and no argument otherwise could have prevailed.

8.  Johnson's concerns with the performance of his attorney do not satisfy the *Strickland* standard. In particular, "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). The Seventh Circuit continued:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

*Farr*, 297 F.3d at 658. The same is inescapably true as to Johnson's arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice.

For the reasons explained above, Johnson is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is **denied,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/18/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana